IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN WILLIAM STEMMONS,<br><br>    Plaintiff(s),<br><br>vs.<br><br>FRANK FILIPPELLI, KATHERINE KERR, THERESA SPARKS, and JOHN BALDWIN,<br><br>    Defendant(s). | 4:15-cv-00002-SMR-HCA<br><br><br><br>REPORT AND RECOMMENDATION |

   This is a prisoner civil rights action under 42 U.S.C. § 1983 alleging the various prison officials and medical staff have deprived plaintiff John William Stemmons medically prescribed creams for skin conditions. Pro bono counsel, Joseph Austen, was appointed to represent plaintiff. On October 27, 2015 defendants filed a summary judgment motion [15]. Plaintiff did not respond. A status conference with counsel was held on March 25, 2016 at which time Mr. Austen advised the Court his client had discharged his sentence, been released from prison and had not been in communication with counsel. The Court directed Mr. Austen to make further attempts to contact plaintiff and to file reports concerning his efforts, which counsel has done [19][21]. The last report was filed May 2, 2016 [23] indicates that counsel sent a final letter to plaintiff in care of Dorothy Jackson at an address in Alsip, Illinois (the last known contact information for plaintiff). On April 20, 2016 counsel received a return receipt for the letter signed by "Dorothy Jackson." As of May 2, 2016 counsel had not received any response from plaintiff.  It appears the case is subject to dismissal under Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute.

   IT IS RESPECTFULLY RECOMMENDED that Judge Rose proceed to determine the pending summary judgment motion [15] as unresisted.   Pro bono counsel, Joseph Austen, is directed to send a copy of this order to plaintiff at the Alsip address in care of Dorothy Jackson.

IT IS ORDERED that the parties have until **June 3, 2016** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated May 16, 2016.

_____
HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE